PAUL M. WARNER, United States Attorney (#3389)
MICHELE M. CHRISTIANSEN, Assistant United States Attorney (#7259)
Attorneys for the United States of America
185 South State Street, #400
Salt Lake City, Utah 84111
Telephone: (801) 524-5682



IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 1:04CR 0084PGC |
| Plaintiff, | : | |
| vs. | : | STATEMENT BY DEFENDANT IN ADVANCE OF PLEA OF GUILTY |
| TERRI MICHELLE ANDERSON, | : | JUDGE PAUL CASSELL |
| Defendant. | : | |

I hereby acknowledge and certify that I have been advised of and that I understand the following facts and rights, and that I have had the assistance of counsel in reviewing, explaining and completing this form:

1.  The nature of the charges against me have been explained. I have had an opportunity to discuss the nature of the charges with my attorney. I understand the charges and what the government is required to prove in order to convict me.

2.  I know that the maximum possible penalty provided by law for Counts V and VI, each a violation of Title 18, United States Code, Section 2251 (Sexual Exploitation of Children), is a term of imprisonment of not less than 10 years and up to 20 years on each count, a fine of $250,000.00, and a term of supervised release of up to life. I know that the mandatory minimum sentence for a violation of Section 2251 is 10 years imprisonment. I understand that if the supervised release term is violated, I can be

returned to prison for the remainder of my sentence <u>and</u> the full length of the supervised release term. Additionally, I know the court is required to impose an assessment in the amount of $200.00 and that restitution to the victims of my offenses shall be ordered pursuant to Title 18, United States Code, Sections 2259 and 3663A.

      3.     I know that the sentencing procedures in this case, and the ultimate sentence, will be determined pursuant to the Sentencing Reform Act of 1984, and I have discussed these facts with my attorney. I further know that the final calculation by the Court for sentencing purposes under the procedures applicable to that Act may differ from any calculation the United States, my attorney, or I may have made, and I will not be able to withdraw my plea in spite of that fact.

      4.     I know that I can be represented by an attorney at every stage of the proceeding, and I know that if I cannot afford an attorney, one will be appointed to represent me.

      5.     I know that I have a right to plead "Not Guilty," and I know that if I do plead "Not Guilty," I can persist in that plea.

      6.     I know that I have a right to a trial by jury, and I know that if I stand trial by a jury:

> (a) I have a right to the assistance of counsel at every stage of the proceeding.
>
> (b) I have a right to see and observe the witnesses who testify against me.
>
> (c) My attorney can cross-examine all witnesses who testify against me.
>
> (d) I can call the witnesses I want to call, and I can obtain subpoenas to require the attendance and testimony of those witnesses. If I cannot afford to pay for the appearance of a witness and mileage fees, the government will pay them.
>
> (e) I cannot be forced to incriminate myself and I do not have to testify at any trial.

(f) If I do not want to testify, the jury will be told that no inference adverse to me may be drawn from my election not to testify.

(g) The government must prove each and every element of the offense charged against me beyond a reasonable doubt.

(h) It requires a unanimous verdict of a jury to convict me.

(i) If I were to be convicted, I could appeal, and if I could not afford to appeal, the government would pay the costs of the appeal, including the services of appointed counsel.

7. Under a plea of guilty, there will not be a trial of any kind.

8. I know a defendant may appeal a sentence imposed under this plea of guilty in the following circumstances:

(a) If the sentence was imposed in violation of law;

(b) If the sentence was imposed as a result of an incorrect application of the Sentencing Guidelines;

(c) If the sentence is greater than the sentence specified in the applicable guideline range, to the extent that the sentence includes a greater fine or term of imprisonment, probation, or supervised release than the maximum established in the guideline range, or includes a more restrictive condition of probation or supervised release than those provided under 18 U.S.C. § 3563; or

(d) If the sentence was imposed for an offense for which there is no sentencing guideline and the sentence is plainly unreasonable.

9. I know there is no appellate review of any lawful sentence imposed under a plea of guilty.

10. I also know the United States may appeal a sentence imposed under this plea of guilty in the following circumstances:

(a) If the sentence was imposed in violation of law;

(b) If the sentence was imposed as a result of an incorrect application of the Sentencing Guidelines;

(c) If the sentence is less than the sentence specified in the applicable guideline range, to the extent that the sentence includes a lesser fine or term of imprisonment, probation, or supervised release other than the minimum established in the guideline range, or includes a less restrictive condition of probation or supervised release than those provided under 18 U.S.C. § 3563; or

(d) If the sentence was imposed for an offense for which there is no sentencing guideline and the sentence is plainly unreasonable.

11. Fully understanding my right to appeal my sentence, as explained above, and in consideration of the concessions and/or commitments made by the United States in this plea agreement, I knowingly, voluntarily and expressly waive my right to appeal any sentence imposed upon me, and the manner in which the sentence is determined, on any of the grounds set forth in Title 18, United States Code, Section 3742 or on any ground whatever, except I do not waive my right to appeal (1) a sentence above the maximum sentence that may be imposed pursuant to the United States Sentencing Guidelines, and (2) an upward departure from the final Sentencing Guidelines range determined by the Court.

I also knowingly, voluntarily and expressly waive my right to challenge my sentence, and the manner in which the sentence is determined, in any collateral review motion, writ or other procedure, including but not limited to a motion brought under Title 28, United States Code, Section 2255.

I understand that this waiver of my appeal and collateral review rights concerning my sentence shall not affect the government's right to appeal my sentence pursuant to Title 18, United States Code, Section 3742(b). However, I understand that the United States agrees that if it appeals my sentence, I am released from my waiver.

I further understand and agree that the word "sentence" appearing throughout this waiver provision is being used broadly and applies to all aspects of the Court's sentencing authority, including, but not limited to, (1) Sentencing Guidelines rulings and determinations; (2) the imposition of imprisonment, fines, supervised release, probation, and any specific terms and conditions thereof; and (3) any orders of restitution.

12. I know that under a plea of guilty the judge may ask me questions under oath about the offense to which the plea is entered. The questions, if asked on the record and in the presence of counsel, must be answered by me and, if I give false answers, I can be prosecuted for perjury.

13. I stipulate and agree that the following facts accurately describe my conduct. They provide a basis for the Court to accept my guilty plea and for calculating the sentence in my case:

> In 2002, in the District of Utah and elsewhere, the defendant, together with her co-defendant Keith Anderson did knowingly use, persuade, induce, entice, and coerce two minor children, who were at the time of the action, under the ages of eight years old, to engage in sexually explicit conduct for the purpose of producing visual depictions of such conduct. At all times, defendant Terri Anderson was a parent, legal guardian, custodian, caretaker, or supervisor of the minor victims. Defendant Terri Anderson, aided and abetted by her co-defendant Keith Anderson, produced sexually explicit visual depictions of the minor children, including: lotion 05, playtime2 031, playtime2+049, playtime2+066, playtime+080. Each visual depiction listed above was produced using materials that had been transported in interstate commerce or was actually transported in interstate commerce through the use of a computer and the Internet. The digital cameras, the computer hard drives, and any computer diskettes used by the defendants to create these depictions were manufactured outside the State of Utah. The defendant's actions violated Title 18, United States Code, Section 2251(a).

14. The only terms and conditions pertaining to this plea agreement between the defendant and the United States are as follows:

1. The defendant agrees to:

    (A) Plead guilty to Counts V and VI of the Indictment; and

    (B) Have her sentence determined under the United States Sentencing Guidelines, and waive the right to raise any constitutional challenge to the validity of those Guidelines. Defendant also hereby waives any and all rights she may have under *Blakely v. Washington*, 542 U.S. __ (2004), including, but not limited to, any right to have facts that could increase her sentence alleged in an indictment and found by a jury beyond a reasonable doubt. In addition, defendant agrees that such facts may be found by the judge under a preponderance-of-the-evidence standard based on any reliable evidence, including hearsay.

2. In exchange, the United States agrees:

    (A) Make a motion at the time of sentencing in this matter to reduce the defendant's offense level under the Sentencing Guidelines by two or three levels, as appropriate, for acceptance of responsibility if, in the opinion of the United States, the defendant clearly demonstrates acceptance of responsibility for her offense, as set forth in Section 3E1.1 of the Sentencing Guidelines;

    (B) To move to dismiss the remaining counts of the Indictment at the time of sentencing on this matter; and

    (C) That it will not seek an upward departure above the appropriate guideline range as determined pursuant to the United States Sentencing Guidelines.

3. The parties agree and recommend:

(A) The defendant agrees to waive both the right to appeal the sentence and the right to collateral review of the sentence, as fully set forth above in paragraph 11;

(B) The United States agrees that if it appeals the sentence in this case, the defendant is released from this appeal waiver provision;

(C) Defendant's sentence will be determined under the United States Sentencing Guidelines. The parties agree that facts used to increase the defendant's sentence may be found by the judge under a preponderance-of-the-evidence standard based on any reliable evidence, including hearsay.

15. I understand that if I knowingly violate any local, state or federal law between now and the time of my sentencing, such offense may constitute a violation of this plea agreement. I also understand that the Court will decide whether a violation of the plea agreement has occurred. If the Court finds that I have breached this agreement by violating any law, I understand that the Court may relieve the government of all obligations and commitments in this plea agreement while leaving intact my plea of "Guilty."

16. I understand that the Court can make no decision as to what the sentence will be until the Presentence Report has been received and reviewed by the judge. I further understand that the Court is not obligated in any way to follow the recommendation of the government concerning sentencing matters. If the Court does not follow the government's recommendation, I know that I will not be allowed to withdraw my plea of guilty.

17. I understand that the Court can and will consider all available information in determining my sentence. I also understand that if I am sentenced to prison, such information may be considered by prison officials in making decisions concerning my incarceration.

18. I know I have a right to ask the Court any questions I wish to ask concerning my rights, or about these proceedings and the plea.

I make the following representations to the Court:

1. I am __29__ years of age. My education consists of __12th grade__. I can read and understand English.

2. No threats or promises of any sort have been made to me to induce me or to persuade me to enter this plea.

3. No one has told me that I would receive probation or any other form of leniency because of my plea.

4. I have discussed this case and this plea with my lawyer as much as I wish to.

5. I am satisfied with my lawyer.

6. My decision to enter this plea was made after full and careful thought, with the advice of counsel, and with a full understanding of my rights, the facts and circumstances of the case and the consequences of the plea. I was not under the influence of any drugs, medication or intoxicants when the decision to enter the plea was made and I am not now under the influence of any drugs, medication or intoxicants.

7. I have no mental reservations concerning the plea.

8. I understand and agree to all of the above. I know that I am free to change or delete anything contained in this statement. I wish to make no changes because all of the statements are correct.

DATED this __19__ day of __November__, 2004.

_____
TERRI MICHELLE ANDERSON
Defendant

I certify that I have discussed this statement with the defendant, that I have fully explained his rights to him, and I have assisted him in completing this form. I believe that he is knowingly and voluntarily entering the plea with full knowledge of his legal rights and that there is a factual basis for the plea.

DATED this 19th day of November, 2004.

VANESSA RAMOS
Attorney for Defendant

This statement sets forth the entire agreement entered into by the United States.

DATED this 19th day of November, 2004.

PAUL M. WARNER
United States Attorney

MICHELE M. CHRISTIANSEN
Assistant United States Attorney