PAUL M. WARNER, United States Attorney (#3389)
PAUL G. AMANN, Special Assistant United States Attorney (#6465)
5272 College Drive Suite 200
Salt Lake City, Utah 84123
Telephone: (801) 366-0196
Facsimile: (801) 366-0242



IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | REVISED MEMORANDUM REGARDING PAYMENT OF VICTIM'S THERAPEUTIC EXPENSES |
| Plaintiff, | |
| | Case No. 1:04CR00084PGA |
| vs. | |
| TERRI MICHELE ANDERSON, | JUDGE PAUL G. CASSELL |
| Defendant. | |

ARGUMENT

<u>I. Defendant Terri Anderson should be ordered to pay restitution costs for the future costs of psychiatric care of her victims under 18 U.S.C. §2259</u>

Anderson, having been convicted of two counts of Sexual Exploitation of a Minor under §18 U.S.C. §2251(a), has previously been ordered to pay restitution in the amount of $655.22, pursuant to this Court's Order entered March 22, 2005. She should be ordered to pay for the future counseling costs of her victims. A defendant convicted of a Sexual Exploitation of Minor offense under chapter 110 is required to pay restitution for "the full amount of the victim's losses" suffered as a proximate result of the offense. 18 U.S.C. §2259. Restitution includes, "*any* costs *incurred* by the victim" for "medical services relating to physical, psychiatric, or psychological care." 18 U.S.C. §2259

(emphases added).

The Tenth Circuit and all other Courts which have addressed this issue, interpret Congress' restitution mandate broadly and has held that costs associated with psychiatric care need not be restricted to costs incurred up to sentencing but may include future counseling costs. *United States v. Julian*, 242 F.3d 1245 (10th Cir. 2001); *United States v. Croxford*, 324 F.Supp.2d 1230, 1250 (D.Utah 2004); *see also United States v. Crandon*, 173 F.3d 122 (3rd Cir. 1999)(held restitution order for future costs of psychological treatment appropriate even though the government mental health experts conceded the victim suffered from pre-existing, untreated psychological problems prior to the abusive relationship); *United States v. Laney*, 189 F.3d 954 (9th Cir. 1999)(found a restitution order for future counseling costs appropriate where defendant pleaded guilty to participating in a conspiracy to sexually exploit a minor although the abuse was directly committed by defendant's co-conspirators);

In *Julian,* the Tenth Circuit recognized "the purpose of mandatory restitution is to 'require that full restitution be ordered to the victims of all covered offenses in which there is an identifiable victim" and found limiting restitution to the time between arrest and sentencing as too short to fulfill the statute's mandate. *Julian,* 242 F.3d at 1248; *see also United States v. Danser,* 270 F.3d 451 (7th Cir. 2001)(held §2259 allowed for restitutionary damages for the future costs of therapy for the life of the victim).

In order for future counseling costs to be included in a restitution award, the government must show by a preponderance of the evidence the amount of loss sustained by the victim. *Crandon,* 173 F.3d at 12 . The costs need not necessarily be included in a presentence report but may be included separately, as ordered by the court, so long as sufficient information is provided to fashion the order. 18 U.S.C. §3664. The restitution order must be specific in dollar amount and supportable by the

2

evidence in record. *Julian,* 242 F.3d at 1248.

Future counseling costs may be calculated based on the testimony of a treating psychiatrist, licensed social worker, or treatment coordinator. *Crandon,* 173 F.3d at 126. In *Danser,* the Seventh Circuit upheld a restitution order of $309, 270, of which $304, 200 was awarded for future counseling costs, based on figures proffered by the treating pyschiatrist. 270 F.3d at 456 n.1 (calculation involved multiplying the current cost of weekly therapy by the actuarially determined life expectancy of the victim.)

The court may require the full restitution become due immediately. *Croxford,* 324 F.Supp.2d at 1250. In addition, a court may not decline to issue a restitution order because of the economic circumstances of the defendant. 18 U.S.C. §2259(b)(4)(B).

In the present case, the victims will each require extensive therapy as a result of the abuse committed by Terri Anderson. Neither had any psychological problems prior to their victimization by their mother, Anderson nor had they ever been treated for a mental problem before the abuse. However, since the victims' traumatic encounter with Anderson, they have required therapy. This is supported by the presentence report as well as statements by the treating therapists, Janice Johnson and Nancy Stoddard, who indicate the victims will require lifetime therapy due to the extensive damage of the abuse at such a young age. Both victims exhibit anger; other exhibited behaviors include an unwillingness to open up, violence, aggression, and depression. Each will go through different stages of issues throughout their developmental years, which will require extensive counseling. The therapists believe weekly counseling will be required for the foreseeable future, ears with less frequent counseling occurring thereafter throughout their lives. Based on these statements, the government asserts that a conservative estimate for the expected total future counseling costs will

3

amount to an estimated $42,120.00 for M.C. (468 weeks (9 years) at $90.0 per week) and $54,963 (6107 weeks (11 years three months) at $90.00 per week) for B.C. which is based on the current weekly therapy cost of $90 per hour and the anticipated time necessary to provide counseling only until the children reach the age of majority.

This estimate is based on the likely infirm notion that the children will not need counseling beyond the age of majority; that they will not need an increased level of care at any time before majority; and the false assumption that there will be no inflation. Should the costs exceed this amount, there may be no recourse for the victims.

If the Court desires to hear from witnesses with regard to these amounts, the government will make them available at the hearing set for May 23, 2005 at 2:30 p.m.

## CONCLUSION

For the reasons stated herein, this Court should order Defendant Terri Michele Anderson to pay the prospective costs for her victims' psychiatric care.

DATED this _10_ day of May, 2005.

Respectfully,

PAUL M. WARNER
United States Attorney

PAUL G. AMANN
Special Assistant United States Attorney

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I am an employee of the United States Attorney's Office, and that a copy of the foregoing REVISED MEMORANDUM was mailed to counsel for Defendant, named below, this 10th day of May, 2005.

    Steven Killpack, Federal Defender (#1808)
    Vanessa Ramos, Federal Defender (#5993)
    Utah Federal Defender's Office
    American Towers Plaza
    46 West Broadway, Suite 110
    SLC, Utah 84010

_[signature]_